H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
Mohamed Salah

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>  vs.<br><br>MOHAMED SALAH, ET. AL.<br><br>    Defendants. | Case No.  SA-CR-13-01-AG<br><br>SUPPLEMENT TO SENTENCING BRIEF<br><br>Hearing Date: APRIL 9, 2018<br>Time: 1:30 PM |

Comes now defendant, together with counsel, and submits the below supplement to his previously filed sentencing brief.

Dated: 4-4-18                    s./ H. Dean Steward
                                            H. Dean Steward
                                            Counsel for Defendant
                                            Mohamed Salah

- 1 -

I. RESTITUTION

On the issue of restitution, Mr. Salah joins in the arguments of co-defendant Maher Obagi. [docket #480, p. 13-14]. The defense objects to any restitution order based on facts which were not found by the jury. In *Southern Union Co. v. U.S.,* 132 S.Ct. 2344, 2357 (2012), the Supreme Court held that the *Apprendi* rule, which requires all facts that increase punishment to be proven to a jury beyond a reasonable doubt, applies to criminal fines. *Id.* at 2357; see also *Apprendi*, 530 U.S. at 490.

In *U.S. v. Green,* 722 F.3d 1146, 1148-51 (9th Cir. 2013), the Ninth Circuit rejected an *Apprendi* challenge to a restitution order and held that a sentencing court may rely on judicial fact-finding to order restitution, *Id.* at 1148-51, but noted: "*Southern Union* provides reason to believe <u>*Apprendi* might apply to restitution</u>. As the Court held: 'In stating *Apprendi's* rule, we have never distinguished one form of punishment from another. Instead, our decisions broadly prohibit judicial fact finding that increases maximum criminal 'sentence [s],' 'penalties,' or 'punishment[s]'—terms that each undeniably embrace fines.'" *Id.* at 2351. [emphasis added]. The *Green* court then went on to reject that argument.

Thereafter, the Supreme Court held that restitution *is* a form of punishment. *Paroline v. U.S.,* 134 S. Ct. 1710, 1726 (2014). Later yet, the 9th Circuit decided *U.S. v. Alvarez* 835 F.3d 1180 (9th Cir. 2016), giving scant analysis in rejecting the punishment aspect of restitution.

However, because the issue of restitution was not submitted to the jury, any order of restitution would violate Obagi and Salah's right to a jury trial and due process as recognized in *Apprendi*.

## II. CONCLUSION

For the reasons and case precedent set out above, any restitution order would violate Mr. Salah's due process rights, as described in *Apprendi*.

Dated: 4-4-18           /s./ H. Dean Steward
                        H. Dean Steward
                        Counsel for Defendant
                        Mohamed Salah

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on 4-4-18, service of the defendant's:

**SENTENCNG BRIEF SUPPLEMENT**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Kerry Quinn**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4-4-18

H. Dean Steward

H. Dean Steward